**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 3 2013

MATTHEW J. DYKMAN
CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA/<br>INTERNAL REVENUE SERVICE,<br><br>Petitioners,<br><br>v.<br><br>BOBBY KARAN PLAGGE,<br><br>Respondent. | Misc. No. 1:12–MC–00030–ABJ |

**OPINION AND ORDER REGARDING VARIOUS MOTIONS TO DISMISS, MOTIONS TO STIRKE, AND MOTIONS FOR ORDERS**

The United States initially brought this case as an action to enforce an IRS Summons. Respondent tax protestor has failed to comply with that summons and this Court's previous order to enforce that summons. Respondent has, instead, filed numerous motions seeking to have her case dismissed or to have this Court declare itself incompetent or lacking in jurisdiction. The Government has filed various motions to strike and a Motion for Contempt. Respondent's various motions are dealt with individually below, and the Government's Motion for Contempt is GRANTED.

## BACKGROUND

Bobby Karan Plagge ("Respondent") is a resident of New Mexico who lives at 739C Las Dispensas Loop, Las Vegas, New Mexico.  In November of 2011, IRS Revenue Officer Richard Kuntz issued a summons to Respondent directing that she appear before him on Dec. 28, 2011, to provide testimony and bring documents relating to her tax liability for his review.  She failed to appear for the December meeting nor did she provide any of the documents or information requested in the summons.  In June of 2012, the United States Attorney's Office sent Respondent a letter offering her another chance to meet with IRS Officer Kuntz on July 9, 2012.  She again did not appear, nor did she provide any of the requested documentation.  The Government subsequently submitted a Petition to Enforce the IRS Summons, ECF No. 1.

On Aug. 10, 2012, District Judge Browning of this Court held a Show Cause Hearing so that Respondent could explain why she had not complied with the IRS summons.  Respondent did not attend, and District Judge Browning issued an Order of Civil Contempt, ECF No. 11, and an Order to Enforce the IRS Summons, ECF No. 10.  Respondent turned herself into authorities in January of 2013, and she was released her shortly thereafter upon the agreement that Respondent would comply with the IRS summons within five days. [ECF No. 29]  Respondent did submit some paperwork to the IRS after her release, ECF No. 32, but she did not submit all of the required documents or information nor did she meet with IRS Officer Kuntz to provide testimony. [ECF Nos. 34, 43]

The Government filed a Motion for Contempt, ECF No. 43, on June 18, 2013, and this Court held a hearing for that motion on June 25, 2013.  Respondent, once again, failed to appear. [ECF No. 48]  The Court then issued another Order of Civil Contempt.  [ECF No. 49]  At last

calculation, Respondent's outstanding tax liability was $139,553.02, with continuing penalties and interest. [ECF No. 43 at 2]

Throughout this process, Respondent has filed multiple motions to dismiss and various other motions seeking to have this Court declare that it lacks authority in this matter. Her motions, and the Government's responsive filings, are dealt with below.

## DISCUSSION

I.   **Respondent's Motion to Dismiss [ECF No. 13] and Government's Motion to Strike [ECF No. 14]**

The Government moves to strike Respondent's Motion to Dismiss. In her Motion to Dismiss, ECF No. 13, Respondent claimed that the Court lacked in personam jurisdiction and subject matter jurisdiction. Respondent's motion referenced her Response in Opposition to Order to Show Cause and its included Affidavit [ECF No. 4]. In her affidavit, Respondent claimed that she was not a "person" or an "individual" as defined in Title 26 of the United States Code. [ECF No. 4 at ¶¶ 8, 9]. She also claimed that she does not live, work or own property in the United States. *Id.* at ¶ 2. However, Respondent has submitted pleadings to the Court, which confirms the fact that she does exist as a human being. Second, her later motions and pleadings include her address underneath her signature line which is 739C Las Dispensas Loop, Las Vegas, NM 87701. *See generally* ECF Nos. 41, 47. Respondent's physical domicile in New Mexico subjects her to in personam jurisdiction in this Court, regardless of whether or not Respondent consents to it. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945); 28 U.S.C. § 111. Any claim by Respondent that she is a 'sovereign' or 'de jure citizen' not subject to taxation is patently frivolous. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

Respondent also claims that the Court lacks subject matter jurisdiction of this action under 28 U.S.C. § 1332(a). However, this is an income tax matter. Therefore, this Court's subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345. Respondent's Motion to Dismiss, ECF No. 13, is therefore **DENIED**, and the Government's Motion to Strike, ECF No. 14, is therefore rendered **MOOT**.

## II.   Government's Motion to Strike Respondent's Filings [ECF No. 20]

The Government moves, pursuant to Fed. R. Civ. P. 12(f)(2), to strike three of Respondent's filings, ECF Nos. 15, 16, and 19, because of their redundant nature. The Court finds that Respondent's Response in Opposition to Petition to Enforce IRS Summons, ECF No. 15, is nearly identical to Respondent's Answer in Opposition to Petition to Enforce IRS Summons, ECF No. 5. The Court also finds that Respondent's Response in Opposition to Order to Show Cause, ECF No. 16, is nearly identical to Respondent's Response in Opposition to Order to Show Cause, ECF No. 4. The Court also finds that Respondent's Response in Opposition Declaration of Richard M. Kuntz, Jr., ECF No. 19, is nearly identical to Respondent's Response in Opposition to Declaration of Richard M. Kuntz, Jr., ECF No. 3. The Court notes that all six of these filings contain the exact same 29-point affidavit originally submitted with Respondent's Opposition, ECF No. 3.

The Court thus finds that the Respondent's filings ECF Nos. 15, 16, and 19 are redundant. The Government's Motion to Strike, ECF No. 20, is therefore **GRANTED**, and it is **ORDERED** that Respondent's filings ECF Nos. 15, 16, and 19 be stricken from the record.

## III.   Respondent's Combined Amended Motion to Dismiss and Vacate [ECF No. 22], Government's Motion to Strike [ECF No. 23], and Respondent's Motion to Oppose Ruling [ECF No. 24]

Respondent filed a Combined Amended Motion to Dismiss and Motion to Vacate, For Fraud, Void Order to Show Cause. [ECF No. 22]   The Government has moved to strike Respondent's motion pursuant to Fed R. Civ. P. 12(f)(2).    [ECF No. 23]   Respondent subsequently filed a Motion to Oppose Ruling to be Made on IRS Petitions to Strike [ECF No. 24], which would more properly be characterized as a response to the Government's Motion to Strike.   Respondent's Combined Amended motion lacks any case law supporting her legal propositions and attempts to renew her earlier Motion to Dismiss, which has been resolved above.   She primarily wants the Court to dismiss her contempt of court charge and the IRS's administrative action.   She can easily resolve this conflict by complying with the IRS summons. *See United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008).   Respondent's Combined Amended Motion to Dismiss and Motion to Vacate [ECF No. 22] and her Motion to Oppose Ruling, ECF No. 24, are therefore **DENIED**, and the Government's Motion to Strike, ECF No. 23, is therefore **MOOT**.

## IV.   Respondent's Motion to Dismiss [ECF No. 32]

Respondent moves to release her from the IRS summons [ECF No. 1, Exhibit A1] and the Court's Order to Show Cause [ECF No. 2].   Respondent claims that she mailed the requested documents to the IRS and that her "act of mailing the required books and records" brought her into "full compliance with the IRS Summons and the order issued by this court." [ECF No. 32 at 1] However, the IRS summons required Respondent "to appear before Richard M. Kuntz, Jr. . . . to give testimony" as well as to produce the required documents. [ECF No. 1, Exhibits A1 and A4] This Court's Order on Petition to Enforce IRS Summons found that Respondent had "failed to produce the testimony . . . requested by the summons." [ECF No. 10 at 2] The Government

noted in its Response that Respondent has still not appeared before the IRS to produce the required testimony. [ECF No. 34 at 4 and Exhibit 1]

The Court thus finds that Respondent has not fully complied with the IRS Summons or this Court's Order to Enforce the IRS Petition. Therefore, Respondent's Motion to Dismiss and Release, ECF No. 32, is **DENIED**.

## V.   Respondent's Motion for Order Declaring Court Lacks Competence [ECF No. 38]

Respondent moves for the Court to declare that it lacks competence and does not have subject matter or personal jurisdiction. [ECF No. 38] The Government responded [ECF No. 40], and Respondent replied [ECF No. 41]. While her filings are difficult to decode, the Court can identify three primary arguments: (1) the Court should dismiss the instant action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) the Court should dismiss the instant action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) the Court should declare itself incompetent to hear any case because it is harboring individuals who embezzled state funds while they were state officials. Respondent's first two arguments mirror the arguments she made in her initial Motion to Dismiss [ECF No. 13], and they are DENIED in accordance with the ruling in Section I of this order.

Respondent's third argument, in effect, attempts to declare that three federal judges are criminals. She does so by asserting that several federal judges in the District of New Mexico used to be state judges, and she asserts that those former state judges did not pay surety bonds to the State of New Mexico as required by state law. Firstly, individual citizens lack the power to declare a federal judge a criminal, and they lack the power to initiate criminal prosecutions. *See Smith v. Krieger*, 389 Fed. Appx. 789, 798-799 (10th Cir. 2010) (only Congress, not the people, has the power to remove an Article III judge). Instead of such a declaration, a citizen's remedy

is limited to a complaint of judicial misconduct, which can culminate in Congressional impeachment proceedings. *See* 28 U.S.C. §§ 351-364. Furthermore, and contrary to Respondent's premise, New Mexico state court judges in fact have surety bond coverage. *See* Surety Bond Act, §§ 10-2-13 through 10-2-16, N.M. Stat. Ann. (West 1978) (providing that the New Mexico General Services Department shall provide surety bond coverage for all state employees); *See id.* § 10-2-14.C. ("'employee' means any officer or employee of the State, including elected or appointed officials"). Accordingly, Respondent's third argument is legally unfounded, and her Motion for Order, ECF No. 38, is hereby **DENIED**.

## VII.   Respondent's Motion for Facts and Conclusions of Law [ECF No. 51]

Respondent moves for "a determination of the facts and conclusions of law" for the statutory validity of judicial officers. [ECF No. 51] Respondent again argues that several judicial officers hold their commissions under false pretenses. This argument was resolved in Section V above and is DENIED accordingly.

Respondent argues that, as a pro se litigant, she has no political or judicial voice; however, she has failed to appear before this Court for two previously scheduled hearings to exercise her own voice. Respondent also argues that the Government has not proven that she has produced taxable income, but this Court, through District Court Judge Browning, has already found that the IRS has produced a *prima facie* showing that the tax investigation was being conducted for legitimate purposes, that the inquiries may be relevant to that purpose, and that the IRS had followed the required administrative steps. *See* ECF No. 10. The remainder of Respondents motion attempts to assert various tax protestor arguments that have already been ruled as patently frivolous. *See Lonsdale*, 919 F.2d at 1448 (the IRS does have authority to issue

summons and administer the Internal Revenue laws).  Therefore, Respondent's Motion for Facts and Conclusions of Law [ECF No. 51] is **DENIED**.

## VIII.  Motion for Order under Fed. R. Civ. P. 201 [ECF No. 56]

Respondent moves for judicial notice pursuant to Fed. R. Evid. 201 of an amicus brief filed in an unrelated case.  Motions brought pursuant to Rule 201, Judicial Notice of Adjudicative Facts, must state facts that are: (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Respondent seeks to admit the amicus brief to "reveal[] the irresponsible course of criminal conduct of Petitioners and those who represent the subordinate Petitioner United States of America's government in one way or another."  [ECF No. 56 at 1]  Such allegations of misconduct are not facts that are generally known nor can they be readily and accurately determined by an accurate source.  As such, the allegations are inappropriate for judicial notice.  *Am. Stores Co. v. Comm'r of Internal Revenue*, 170 F.3d 1267, 1270 (10th Cir. 1999).  Respondent's motion for judicial notice, ECF No. 56, is therefore **DENIED**.

## VI.  Government's Motion for Contempt [ECF No. 43]

The Government has moved for Respondent to be held in Contempt of Court.  Respondent's response consists of, once again, unsupported allegations regarding federal judicial officers and the authority of the United States Attorney for the District of New Mexico.  [ECF No. 47]  She does not challenge the Government's factual allegations that she has failed to comply with the IRS Summons or this Court's previous order.

For a party to be held in civil contempt, it must be shown by clear and convincing evidence that: (1) a valid order existed, (2) the party had knowledge of the order, and (3) the

party disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). The moving party is required only to establish a prima facie case of contempt by demonstrating that certain conduct was required by a previous court order and that the alleged contemnor failed to comply with that order. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). A prima facie case for contempt may be made either by affidavits attached to the petition, or by sworn testimony presented in open court. The show cause order places on the alleged contemnor the burden of showing why he should not be held in contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983). The respondent must present some evidence to explain or justify his failure to produce the requested information. *Ford*, 514 F.3d at 1051.

In the instant case, a valid order exists: Order Releasing, ECF No. 29. Respondent had knowledge of the order; she "agree[d] to provide information to the IRS as requested. [She] ha[d] five (5) days in which to comply." The Government has submitted two Declarations of IRS Revenue Officer Richard Kuntz which state that Respondent has not submitted the requested documentation nor has she met with him to provide the requested testimony. *See* ECF Nos. 34 at Exhibit 1; 43 at Exhibit 1. Respondent has not presented any evidence to justify or explained why she has failed to meet with Officer Kuntz and provide the requested information. Thus, the Court finds, by clear and convincing evidence, that an Order for Civil Contempt is justified in this matter.

The Court notes that it appears that Respondent is affiliated with the sovereign citizens movement. She repeatedly signs her pleadings as "Without Prejudice" and, in some instances, "UCC 1-207." Her actions and her redundant, and at times bizarre, filings indicate that she neither recognizes nor accepts the authority of this Court. She has refused or neglected to appear for both hearings previously scheduled for this case: one hearing on August 10, 2012 to show

cause as to why she did not comply with the IRS summons, and one hearing on June 25, 2013 on the Government's Motion for Contempt. Her repeated disregard of this Court's authority leads me to conclude that coercive incarceration is the only method with which to effectively induce the Respondent's compliance.

It is THEREFORE ORDERED that a bench warrant shall issue for the immediate arrest of Respondent BOBBY KARAN PLAGGE by the United States Marshall for this District, or by his deputies, and upon BOBBY KARAN PLAGGE'S arrest, she shall be held in federal custody until such time as she completes one of the following conditions: either she posts a cash bond in the sum of $~~139,553.02~~ *141,121.65 AB.)*, or she, or her agent if she is already incarcerated, brings in all of the material required by the IRS Summons and submits to an interview with IRS Officer Kuntz in which she provides the oral testimony he requires. *See Ford,* 514 F.3d at 1051-1053.

Dated this __13th__ day of November, 2013.

Alan B. Johnson
United States District Judge